UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:

HOWARD SULTAN

    Plaintiff

v.

RECEIVABLE ASSET MANAGEMENT INC.
d/b/a KRAMER & ASSOCIATES

    Defendants
_____/

## COMPLAINT

### JURISDICTION and PARTIES

1. This is an action for damages pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et. seq., and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559.72.

2. This court has jurisdiction pursuant to 28 U.S.C. §1331 and §1337(a) and 15 U.S.C. §1692k(d).

3. Venue in this district is proper pursuant to 28 U.S.C. §1391 because the Defendant transacts business in this district, and the events which give rise to this complaint occurred in this district.

4. Plaintiff, HOWARD SULTAN is a natural person residing at all relevant times in Broward County, Florida.

5. Plaintiff is a consumer, as defined by 15 U.S.C. §1692a(3).

6. Plaintiff is a consumer as defined by Fla. Stat. §559.55(2).

7. Defendant RECEIVABLE ASSET MANAGEMENT is a Florida Corporation with its principle place of business in Hackensack, New Jersey, doing business under

the registered fictitious name of KRAMER & ASSOCIATES, under which name it is registered as a collection agency with the Florida Office of Financial Regulation. Defendant is in the business of collecting consumer debts for which it uses the mails and phone, and transacts business on a regular basis collecting consumer debts, in Broward County, Florida.

8. Defendant herein is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

9. Defendant is a debt collector and consumer collection agency, as defined in Fla. Stat. §559.55(6) and (7), or is otherwise obligated to comply with the provisions of Fla. Stat. §559.72.

## FACTS

10. On or around late December 2012 - January 2013, (but no later than January 8, 2013), Defendant left a phone message with the Plaintiff, in an attempt to collect a debt allegedly incurred for personal, family or household purposes and which is a consumer debt as defined by 15 U.S.C. §1692a(5) and Fla. Stat. §559.55(1).

11. Said message displayed on Plaintiff's phone as originating from 201-968-0327.

12. The substance and content of the message left for the Plaintiff by the Defendant, was substantially as follows:

> **"Mr Howard Sultan, Steven Martin, Kramer and Associates, ahh sir trying to reach out to you, we did last week we didn't hear back from you and before signing off on my final recommendation I want to propose a 50% reduction to you or another maybe viable resolution on claim 222891. Per my position I can do that. Unfortunately this will be my only and final call to you; if I don't hear from you I can't help you, I'm under strict time constraints. Steven Martin, 201 968-0327 extension 107 claim 222891; I'm looking forward to doing this so I can exclude Tim Farina and Jill Gunty."**

2

13. By Defendant's offering to "exclude" Tim Farina and Jill Gunty, the least sophisticated consumer would believe that these individuals are somehow "included" or could somehow be "included" in the debt or collections. In fact, these individuals are Plaintiff's relative and friend, and have absolutely nothing to do with the debt, making Defendant's statements completely false, deceptive, and misleading.

14. Such statements also convey to the least sophisticated consumer that some type of action, or negative consequence, will occur to Plaintiff's relative and friend by their potential "inclusion."

15. Such statement is also vague, leaving a consumer to wonder what is meant by "including" his relatives and friends. Such a statement could encompass either negative consequences towards the individuals named, or contact/communication with them. The referencing of these individuals in a vague and ambiguous manner is done to pique the curiosity, fear, and concern of a consumer, in order to coerce him into contacting the Defendant, as doing so would be the only way of ascertaining exactly how Plaintiff's friends and relatives are "included."

16. The least sophisticated consumer would also believe that such a statement is a threat to make contact and communicate with said individuals, who are third parties. This statement is nothing but a veiled threat of communication with said individuals about the Plaintiff's debt, collections, or other matters regarding the Plaintiff's affairs which are prohibited from being disclosed by the FDCPA. The Defendant's statements prey upon a consumer's natural embarrassment, and fear of disclosure, that the FDCPA was meant to protect from occurring.

17. The agent above was at all times working within the course, scope and authority of his employment with Defendant or otherwise shared a common purpose or goal with Defendant, or otherwise acted at the discretion of or under the management or operation of Defendant. Defendant is responsible for the errors, actions and omissions of the individual operators named above, who were attempting to collect debts on behalf of, and for the benefit of, their principal, Defendant.

## COUNT I – VIOLATION OF THE FDCPA – 15 U.S.C. §1692d

18. Plaintiff realleges and reavers paragraphs 1-17 as if fully set forth herein.

19. The natural and intended consequence of making the false statements as alleged above that the Plaintiff's relative and neighbor are "included" in the debt or in the collections activities, coupled with the ambiguous and ominous nature of what their "inclusion" even means, and Defendant's suggestion that the third parties will be contacted when such contact is prohibited by law, is harassing, oppressive, abusive, and are threats made to cause embarrassment and fear, in violation of 15 U.S.C. §1692d.

20. As a result of the violations herein, the Plaintiff has suffered damages, including but not limited to stress, anxiety, worry, anger, and fear and is additionally entitled to statutory damages, costs, and attorneys fees.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for damages pursuant to 15 U.S.C. 1692k(a)(1); statutory damages

pursuant to 15 U.S.C. 1692k(a)(2)(A); Costs pursuant to 15 U.S.C. 1692k(a)(3) and Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3).

## **COUNT II – VIOLATION OF THE FDCPA – 15 U.S.C. §1692e**

21.   Plaintiff realleges and reavers paragraphs 1-17 as if fully set forth herein.

22.   The allegations herein constitute false and misleading representations in violation of:

  a) 15 U.S.C. §1692e in that the allegations above all constitute false and misleading representations and deceptive means, taken in an effort to collect the debt from the Plaintiff;

  b) 15 U.S.C. §1692e(5) in that the Defendant has threatened action that cannot be legally taken in that the Defendant is not legally permitted to communicate with the Plaintiff's relative or friend, nor to "include" them in any manner related to the debt or the collection thereof;

  c) 15 U.S.C. §1692(10) in that the allegations above all constitute false representations and deceptive means, taken in an effort to collect the debt from the Plaintiff as further alleged above;

23.   As a result of the violations herein, the Plaintiff has suffered damages, including but not limited to stress, anxiety, worry, anger, and fear and is additionally entitled to statutory damages, costs, and attorneys fees.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for damages pursuant to 15 U.S.C. 1692k(a)(1); statutory damages

5

pursuant to 15 U.S.C. 1692k(a)(2)(A); Costs pursuant to 15 U.S.C. 1692k(a)(3) and Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3).

## COUNT III – VIOLATION OF THE FCCPA

24. Plaintiff realleges and reavers paragraphs 1-17 as if fully set forth herein.

25. Fla. Stat. 559.72(9) makes it a prohibited collection activity to:

Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, *or assert the existence of some other legal right when such person knows that the right does not exist.*[emphasis added]

26. Pursuant to Fla. Stat. 559.77(5), "In applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act."

27. Defendant has violated said section by asserting its right to "involve" the Plaintiff's relative and friend, in the collection of the debt, or otherwise by the suggestion that said individuals would be contacted in some manner about the debt or the collection thereof.

28. Defendant knowingly and intentionally made the statements alleged above. Defendant at all times was well aware that the Plaintiff's relative and friend had no involvement whatsoever in the debt or the collections, and could not be "included" or contacted in any manner. The Defendant made said statements knowingly to frighten, embarrass, intimidate, and coerce the Plaintiff into contacting the Defendant or paying the subject debt, or otherwise, was aware that referring to said names would pique

Plaintiff's curiosity, interest, or concern, such to get him to respond to Defendant's inquiries.

29. As a result of the violations herein, the Plaintiff has suffered damages, including but not limited to stress, anxiety, worry, anger, and fear and is additionally entitled to statutory damages, costs, and attorneys fees.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for statutory and actual damages, as well as attorneys fees and costs, pursuant to Fla. Stat. §559.77(2).

## JURY TRIAL

Plaintiff hereby requests a jury trial on all matters so triable as a matter of right.

DATED this 26 day of January 2013

Respectfully Submitted by:

Jason Weaver Esq.
FBN 0392596
Jason Weaver P.A.
3531 Griffin Rd.
Ft. Lauderdale, FL 33312
(954) 987-0515/ (954) 964-3764 (fax)
jason@jasonweaverpa.com